**DETAINED, WITH PRIOR HABEAS PETITION**

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

Marcelo Ortega Namina

Petitioner,

v.

Christopher BRACKETT, Superintendent of Strafford County Department of Corrections, David WESLING, Field Office Director, DAVID VENTURELLA, Acting Director U.S. Immigrations and Customs Enforcement, MARKWAYNE MULLIN, U.S. Secretary of Homeland Security, TODD BLANCHE, U.S. Attorney General

Respondents.

Case No. 1:26-cv-13948-BEM

**MOTION TO ENFORCE**

## INTRODUCTION

1. This motion is brought to enforce this Court's August 27, 2026, order that Respondents determine Petitioner's membership of the class certified in *Guerrero Orellana v. Moniz*, No. 25-CV-12664-PBS (D. Mass.), and notify the Court no later than 1pm on Monday, August 31, 2026. *See Order* August 27, 2026, ECF #4. Because Respondents have failed to respond by this deadline, Petitioner requests this Court declare that Petitioner's detention is unlawful and order that Petitioner be immediately released.

## FACTUAL BACKGROUND AND THE COURT'S PRIOR ORDER

2. Petitioner Marcelo Ortega Namina is a national of Ecuador, present in the United States since 2004. He was arrested by federal immigration agents on August 26, 2026, and was transferred to Strafford County Department of Corrections from the ICE Boston Field Office in Burlington, MA sometime after 3:30pm on August 27, 2026. While in custody, Petitioner was

denied access to a bond hearing, in violation of the Constitution rendering his continued detention unlawful. On August 27, 2026, Petitioner filed a habeas petition with this Court, seeking either immediate release or access to the bond hearing respondents had withheld and to which he was legally entitled. The Court issued an Order Concerning Service of Petition and Stay of Transfer or Removal on August 27, 2026, and ordered that Respondents respond to the Petition by 1pm on August 31, 2026, and provide advance notice of 72 hours before transferring the Petitioner or file a notice in writing on the docket stating the name and location of the facility in which Petitioner is confined. *See Order* August 27, 2026, ECF #4.

**PARTIES**

3. The Parties to this Motion to Enforce are the same as set forth in the Petition, except to reflect Petitioner's current place of detention at Strafford County Department of Corrections. As with the Petition, each is named in their official capacity.

**JURISDICTION AND VENUE**

4. This Court has subject matter jurisdiction under 28 U.S.C. § 2241 (habeas corpus) and 28 U.S.C. § 1331 (federal question). In addition, this Court has subject matter jurisdiction under its inherent enforcement authority; i.e., the jurisdiction necessary "…to enable a court to function successfully, that is, to manage its proceedings, vindicate its authority, and effectuate its decrees." *Kokkonen v. Guardian Life Ins. Co.,* 511 U.S. 375, 379–380 (1994) (citations omitted); *See also*, *U.S.I. Properties Corp. v. M.D. Const. Co.,* 230 F. 2d 489, 496, (1st Cir. 2000).

5. This Court may grant relief under the habeas corpus statutes, 28 U.S.C. § 2241 et. seq., the Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., the All Writs Act, 28 U.S.C. § 1651, and under its inherent enforcement authority. *U.S.I. Properties Corp.,* 230 F. 2d. at 496; *Gil España v. Nessinger,* U.S. District Court, D. RI, Case 1:26-cv-00014, Memorandum and Order,

filed March 25, 2026, at p. 12 (citing cases); and *Haiguang Zheng v. Eric Rokosky*, et al., U.S. District Court, D. N.J., No. 26-cv-01689, Opinion, filed March 23, 2026, at p. 4 (acknowledging the court's jurisdiction to enforce its prior habeas order).

6. Venue is proper because this Court retains jurisdiction over the petition filed in this Court by Petitioner and has the power to enforce the relief the Court previously has ordered.

## THE LEGAL FRAMEWORK

7. Respondents' conduct is in direct violation of the decision of the First Circuit Court of Appeals in *Guerrero Orellana v. Moniz et al*, Nos. 25-2152, 26-1094, 2026 WL 2352042 (First Cir. Aug. 13, 2026), affirming Petitioner's rights as a member of the class certified by United States District Judge Patti B. Saris of the District of Massachusetts in *Guerrero Orellana v. Moniz et al*, 808 F. Supp. 3d 167 (D. Mass. 2025) (certifying class) and 813 F.Supp.3d 185 (modifying class and granting motion for partial summary judgment) (collectively, "*Guerrero Orellana"),* and is contrary to dozens of clear precedents in this District and hundreds of similar rulings across the country.[1]

8. As a member of the certified class in *Guerrero-Orellana*, Petitioner is covered by the December 19, 2025 Declaratory Judgment (the "Declaratory Judgment") in which this Court determined that Petitioner and other class members, having most recently been detained in the interior of the country and not at or near the border or a point of entry, were subject to discretionary detention under 8 U.S.C. § 1226(a) rather than mandatory detention under 8 U.S.C. § 1225(b)(2)(A):

> The Court declares that the members of the certified class are not subject to detention under 8 U.S.C. § 1225(b)(2). Defendants' policy of subjecting members of the certified class to detention under 8 U.S.C. § 1225(b)(2)(A)

[1] While Petitioner plainly would be entitled to a bond hearing were he to remain detained, immediate release from detention is the most appropriate remedy in these circumstances, as discussed below.

> without consideration for bond and a custody redetermination (i.e., bond) hearing is unlawful and violates the Immigration and Nationality Act and its regulations. The members of the certified class are subject to detention under 8 U.S.C. § 1226(a), including access to consideration for release on bond and/or conditions before immigration officers and Immigration Judges. After joining the class, the member of the certified class shall remain subject to this order notwithstanding any subsequent change in their location, facility of detention, or venue of immigration proceeding.

*Guerrero Orellana*, 813 F.Supp.3d 185 at 199. Therefore, Petitioner is entitled to a custody redetermination hearing with strong procedural protections. *See Hernandez-Lara* v. Lyons, 10 F.4th 19, at 41; *Doe v. Moniz*, 800 F. Supp.3d. 203 (D. Mass. 2025) at 216; *Brito*, 22 F.4th at 256-57.

9. Petitioner, having most recently been detained within the United States rather than at a border or point of entry, enjoys the protections afforded by the Due Process Clause of the Fifth Amendment to the United States Constitution. *Zadvydas v. Davis*, 533 U.S. 678, 693 (2001) ("once an alien enters the country, the legal circumstance changes, for the Due Process Clause applies to all 'persons' within the United States, including aliens, whether their presence here is lawful, unlawful, temporary, or permanent."). Where detention is not mandatory, the Due Process Clause requires that the government provide noncitizens awaiting removal proceedings a bond hearing at which the government must prove by clear and convincing evidence that the noncitizen is a danger to the community or prove by a preponderance of the evidence that the noncitizen is a flight risk. *See Hernandez-Lara*, 10 F.4th at 39–41; *Doe v. Tompkins*, 11 F.4th 1, 2 (1st Cir. 2021). If the government fails to meet its burden, then bond must be granted. *Garcia*, 2025 WL 3466312, at *2 (citing *Gomes*, 804 F.Supp.3d at 268–70); *Bermeo Sicha v. Bernal*, No. 1:25-cv-00418-SDN, 2025 WL 2494530, at *4 (D. Me. Aug. 29, 2025)).

10. Respondents have failed to respond to the Order Concerning Service of Petition and Stay of Transfer or Removal by the deadline of 1pm on August 31, 2026. Respondent did not

provide notice to the Court that Petitioner had been transferred to Strafford County Department of Corrections in Dover, NH.

## PRAYER FOR RELIEF

Wherefore, Petitioner respectfully requests this Court to grant the following:

(1) Assume jurisdiction over this matter;

(2) Order that Petitioner be released from detention,

(3) Require that Respondents shall release him:

(a) in Massachusetts;

(b) during normal business hours;

(c) in a well-populated area that is within a quarter mile of public transportation and not more than 30 miles from Petitioner's residence;

(d) with all personal documents (including without limitation Petitioner's driver's license, passport, work authorization, and other immigration documents) and belongings (including without limitation Petitioner's clothing, cell phone and wallet);

(e) without conditions such as ankle monitors or tracking devices; and

(f) Require that Respondents not retaliate against Petitioner for the filing of this action and, upon his release, not re-detain Petitioner absent an individualized showing of changed circumstances that would warrant detention under applicable law;

(4) Award Petitioner's attorney's fees and costs under the Equal Access to Justice Act ("EAJA"), as amended, 28 U.S.C. § 2412, and on any other basis justified under law; and

(5) Grant any further relief this Court deems just and proper.

**DETAINED, WITH PRIOR HABEAS PETITION**

Respectfully submitted,
Mr. Marcelo Ortega Namina,
Petitioner,
By his attorney,

*/s/ Carin J. Cornish*
Carin J. Cornish (BBO # 644347)
1106 Edgell Rd.
Framingham, MA 01701
(617) 416-4220
cjcornish00@gmail.com

*Counsel for Petitioner*

Dated: August 31, 2026